UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ELVIN GENAO,<br>  *Plaintiff*,<br><br>  v.<br><br>POLICE SERVICE AREA 6, and FEDERAL<br>BUREAU OF INVESTIGATIONS,<br>  *Defendants*. | No. 3:20cv1017 (JAM) |

**ORDER OF TRANSFER PURSUANT TO 28 U.S.C. § 1406(a)**

Plaintiff Elvin Genao has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 against defendants "Police Service Area 6" and the "Federal Bureau of Investigations." Although the complaint is difficult to understand, it appears to allege that the police and the Federal Bureau of Investiation ("FBI") engaged in improper conduct, possibly involving actions taken to break into Genao's apartment, to arrest him, and to require Genao to undergo emergency psychiatric evaluations.

For present purposes, the most significant aspect of the complaint is that all the events it describes occurred in New York City where Genao lives, and these events involved the police and the FBI in New York City. The complaint does not allege any ties or connection between the parties or the events and Connecticut.

The federal courts of the United States are divided into dozens of districts that correspond to the State or the region of the State in which each court is located. When a plaintiff files a federal lawsuit, a plaintiff must file the lawsuit in a federal district that has some proper connection to the parties or to the plaintiff's claims. This is known as a "venue" requirement. Federal venue law states in relevant part that a civil action may only be brought in "a judicial

district in which any defendant resides, if all defendants are residents of the State in which the district is located," or may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(1)-(2).

Because the complaint has no relation at all to Connecticut, it does not meet the federal venue requirements for a lawsuit in the federal District of Connecticut. Under such circumstances, a district court may exercise its discretion in the interest of justice to transfer the action to a district court where venue would be proper. *See* 28 U.S.C. § 1406(a); *Copeland v. US Bank Cust PC5 Sterling Nat'l*, 2020 WL 2735692, at *1-2 (D. Conn. 2020) (discussing federal venue requirements and the authority of a district court to *sua sponte* order the transfer of a case for improper venue). Although a district court also has discretion to outright dismiss a case for which there is no proper venue, the Second Circuit has held that "[a] district court may not dismiss a case *sua sponte* for improper venue absent extraordinary circumstances." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999).

Here, based on the description of events in the complaint as well as the listed addresses of the parties, it is apparent that venue would be proper in the United States District Court for the Southern District of New York. A Westlaw search reflects that Genao is a frequent litigant there. *See, e.g.*, *Genao v. New York Cty., Family Court*, 2019 WL 5537925, at *4 (S.D.N.Y. 2019). Genao is advised that if he files another complaint in the District of Connecticut that has no connection to Connecticut, it will likely be summarily dismissed rather than transferred.

The Clerk of Court shall TRANSFER this action to the United States District Court for the Southern District of New York.

3

It is so ordered.

Dated at New Haven this 24th day of July 2020.

                                               /s/ *Jeffrey Alker Meyer*
                                               Jeffrey Alker Meyer
                                               United States District Judge